IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Carla Y. Fincannon Masters, | ) | Civil Action No.: 3:10-cv-02477-RBH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Michael J. Astrue, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Joseph R. McCrorey.[1] Plaintiff Carla Y. Fincannon Masters brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). In his R&R, the Magistrate Judge recommends reversing the decision of the Commissioner and remanding the case for additional findings.

**Factual Findings and Procedural History**

Plaintiff applied for DIB on January 9, 2008, alleging that she became unable to work on January 3, 2008. The application was denied initially and on reconsideration. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on August 14, 2009, and Plaintiff appeared and testified. A vocational expert also testified. The ALJ issued a decision dated October 29, 2009, finding that Plaintiff was not disabled. The ALJ's overall findings were as follows:

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since January 3, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: migraine headaches, fibromyalgia, lumbar back disorder, anxiety, and depression (20 CFR 404.1520 (c)).

…

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

…

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that claimant must avoid concentrated exposure to occupational hazards. Additionally, as a result of claimant's "severe" mental impairments, I find that she is restricted to simple, routine, and repetitive tasks, and is likewise restricted to work that does not involve interaction with members of the general public.

…

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

…

7. The claimant was born on November 21, 1967, and was 40 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> …
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 3, 2008 through the date of this decision (20 CFR 404.1520(g)).

Tr. 48-54.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on July 30, 2010. On September 23, 2010, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 12, 14, & 20, and the Magistrate Judge issued his Report and Recommendation ("R&R") on March 6, 2012, recommending that the Commissioner's decision be reversed and remanded, R&R, ECF No. 22. The Commissioner filed timely objections to the R&R on March 21, 2012, Def.'s Objs., ECF No. 23, and Plaintiff replied on April 5, 2012, Pl.'s Reply, ECF No. 24.

## **Standard of Review**

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the

4

absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **Determination of Disability**

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or medically equal the listed impairments set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the claimant's (1) "residual functional capacity," *id.* § 404.1560; (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant

5

numbers in the national economy" that the individual can perform, *id.* § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or medically equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

## **Analysis**

The Magistrate Judge recommends reversing the final decision of the Commissioner and remanding the case to the Commissioner for him to reconsider and reweigh the medical opinions of Plaintiff's treating physician in light of the whole record. Specifically, the Magistrate Judge concludes that the Commissioner's decision is not supported by substantial evidence because the Commissioner failed to consider the opinions of Dr. Thaer Joudeh in assessing the weight of the opinions of Dr. Marcia Oliver. R&R 11.[2]

In his objections, the Commissioner argues that the opinions of Dr. Oliver were properly assessed in light of their inconsistencies, the opinions of other non-treating physicians and specialists, and other medical evidence. Moreover, the Commissioner contends the failure to consider the opinions of Dr. Joudah was harmless error because his opinions were "conclusory statements" that were "not entitled to any weight" because they were not proper medical opinions. Def.'s Objs. 2-4.

---

[2] Plaintiff was treated by both Drs. Joudeh and Oliver.

6

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Under such circumstances, "the [Commissioner] holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

If the Commissioner determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following non-exclusive list of factors to determine the weight to be afforded the physician's opinion: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; (5) whether the physician is a specialist in the area in which he is rendering an opinion; and (6) other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c); *see also Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005). The Commissioner must give specific reasons, supported by the record, for the weight given to a treating physician's medical opinion. SSR 96-2p.

The Magistrate Judge's recommendation to reverse the Commissioner's decision is proper. There is no indication in the record that the Commissioner considered the medical records and opinions of Dr. Joudeh, who treated Plaintiff on multiple occasions soon after she left her job.[3] This

---

[3] The Commissioner concedes that Dr. Joudeh's opinions were not directly addressed in the decision. Def.'s Objs. 4. As Plaintiff agued in her brief, Dr. Joudeh's opinions supported the opinions of Dr. Oliver. Pl.'s Br. 7-9, ECF No. 12. Specifically, Dr. Joudeh concluded that Plaintiff

failure was in violation of the regulations promulgated by the Commissioner. *See* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). Moreover, the Court cannot find the Commissioner's omission to be harmless error. As the Magistrate Judge noted, Dr. Joudeh's notes and opinions provide some support for Dr. Oliver's opinions, to which the Commissioner assigned little weight based on conflicting evidence in the record. Because this Court cannot reweigh the evidence, remand is appropriate in order for the Commissioner to reassess the weight of Dr. Oliver's opinions in light of those of Dr. Joudeh.[4]

## **Conclusion**

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, Plaintiff's objections, and applicable law. For the reasons set forth above and by the Magistrate Judge, the Court hereby overrules the Commissioner's objections and adopts and incorporates by reference the R&R of the Magistrate Judge. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein.

**IT IS SO ORDERED.**

                                                                       s/ R. Bryan Harwell
                                                                       R. Bryan Harwell
                                                                       United States District Judge

July 24, 2012
Florence, South Carolina

---

suffered from several severe impairments, which included depression, anxiety, migraines, and fibromyalgia, and resulted in functional decline. Tr. 206, 210, 357.

[4] To prevent confusion on remand, the Commissioner need not consider the records of Plaintiff's employer, Dr. *Samer* Joudeh, who is an oral surgeon.