IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carla Y. Fincannon Masters, | ) | Civil Action No. 3:10-cv-2477-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On October 15, 2012, the plaintiff filed a motion for attorney's fees[1] pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a response on November 1, 2012. In the response, the commissioner asserts that the motion should be denied because his position was substantially justified. The commissioner also opposes the manner in which the plaintiff calculated the requested fees and asserts that any fees should be made payable to the plaintiff and not her attorney. The defendant does not object to the plaintiff's request for costs. Plaintiff filed a Reply on November 5, 2012.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing substantial justification. Thompson v. Sullivan, 980 F.2d 280 (4th Cir. 1992). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan,

---

[1] Plaintiff filed a Memorandum in Support of the Motion on May 8, 2013.

936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially justified" for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

> The government's position must be substantially justified in both fact and law. . . In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts. After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees. However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it asserts justifiable positions in the various subsidiary disputes that may arise during litigation.

Thompson v. Sullivan, 980 F.2d at 281-282.

The defendant contends that its position was substantially justified because it was reasonable in law and fact. He contends that the failure to consider the medical records and opinions of Dr. Joudeh, a physician who treated the plaintiff only twice, was reasonable in law and fact. This court believes on the record before it that the defendant's actions were not substantially justified and that an award of attorney's fees is appropriate. This Court adopted the Report of the Magistrate Judge, reversed the Commissioner's decision, and remanded the case for consideration of Dr. Joudeh's opinion [citing 20 C.F.R. § 404.1527(c)] and for re-evaluation of Dr. Oliver's opinions, to which the ALJ had assigned little weight based on conflicting evidence.

On the basis of the above, the Court finds the position of the government was not substantially justified and that the plaintiff should be awarded attorney's fees pursuant to EAJA.

However, the case presents two issues relating to the appropriate cost of living increase to the $125 per hour rate allowed by the EAJA. (The Commissioner does not object to an award of $367.64

2

in costs.)

The defendant contends that, in computing her requested attorney's fees, Plaintiff should have applied the **South urban** CPI-U **for July 2011**, which was the temporal midpoint between August 2010 and July 2012, when the services were rendered.

Attorney's fees in excess of $125 per hour should not be awarded unless the court finds that an increase in the cost of living or a "special factor" justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

The Commissioner contends that plaintiff's counsel's hourly rate should be calculated using the South urban regional CPI rather than the national all urban consumer index. The claimant requested an hourly rate of $250 but did not explain how she calculated this rate other than to say that this is counsel's "regular non-contingent hourly rate." (ECF No. 32, p. 3)

The Commissioner relies on a non-binding case from the United States Court of Claims, Cox Constr. Co. v. United States, 17 Cl.Ct. 29 (1989). This court notes that in Sullivan v. Sullivan, 958 F.2d 574 (4th Cir. 1992), the Fourth Circuit held that a broad cost of living index is the appropriate measure by which to calculate a cost of living enhancement to the statutory fee. Therefore, the Court finds that the hourly rate of $250 requested by the claimant is excessive and holds that the national CPI should be utilized.

As to the Commissioner's position that the court should utilize the average for July of 2011, this argument lacks merit. The United States District Court for the District of South Carolina addressed a similar argument in Ball v. Sullivan, 754 F.Supp. 71, 75 (D.S.C. 1990). In Ball, the court made reference to "the figure most closely corresponding to the close of services rendered in this case," which was June 1990, when referring to the application and calculation of the CPI figure. Id. at 74. This court holds that July, 2012 (the month this court's order was issued) is an appropriate endpoint

for computing the cost of living adjustment of the EAJA statutory cap in the case at bar.[2] See also, Sellars v. Barnhart, 2008 WL 2178544, slip op. *2 (D.S.C. May 22, 2008); Nesmith v. Astrue, 2008 WL 2169897, slip Op. *2 (D.S.C. May 21, 2008)(rejecting the argument by the Commissioner that the temporal midpoint of the period during which the attorney's services were rendered was the appropriate month on which to calculate the cost of living adjustment).

Applying the CPI-U U.S. City Average for July 2012 (229.104) and dividing it by the CPI-U U.S. City Average for March 1996-the date the EAJA was reenacted-(155.7), and multiplying the resulting quotient (1.47) by $125 (the base hourly rate under the EAJA), the result is an hourly rate of $183.75. Therefore, the attorney fee award is $3476.55 (18.92 hours of work x $183.75 per hour).

Regarding the appropriate payee of the check, the United States Supreme Court has determined that the party and not the attorney is the prevailing party under the EAJA statute. In the case at bar, the government indicates that the Commissioner "determines whether to waive the requirements of the Anti-Assignment Act only after a court actually awards fees, and will waive the requirements only if the Commissioner determines that the plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, 31 U.S.C. Section 3716(c)(3)(B)(2006)."  (ECF No. 34, p. 10, n. 4). Therefore, the government takes the position that the decision whether to waive the Act and accept an assignment is in the sole discretion of the government. The plaintiff has not made any argument against this.

The Court accordingly orders that the EAJA attorney's fee payment should be made payable

---

[2] "[T]he cost of living adjustment provision seems designed to provide a disincentive to agencies to prolong the litigation process. The agency should not reap the benefits of any inflation during litigation. Similarly, attorneys should not have the purchasing power of their fees eroded by such inflation." Garcia v. Schweiker, 829 F.2d 396, 402 (3rd Cir. 1987) (internal citations omitted).

4

to the plaintiff as the prevailing party rather than the attorney. However, the check should be mailed to the attorney, with notice of this mailing being sent to the plaintiff.[3]

Based on the foregoing and after consideration of the briefs and affidavits submitted, the court so Orders the defendant to pay plaintiff the sum of $3476.55 in attorney's fees (18.92 hours of work x $183.75 per hour) and $367.64 in costs. The check should be made payable to the plaintiff but mailed to the attorney, with notice of this mailing being sent to the plaintiff.[4]

**IT IS SO ORDERED**.

       s/ R. Bryan Harwell
       R. Bryan Harwell
       United States District Judge

December 5, 2013
Florence, South Carolina

---

[3] In some cases, the Commissioner has consented to determine whether a claimant owes an offset-qualifying debt and, if the claimant owes no debt, then the assignment to counsel was honored. See, e.g., McDonald v. Astrue, 2010 WL 4818092 (W.D.N.C. 2010); Summey v. Astrue, 2011 WL 198101 (W.D.N.C. 2011). Here, the Commissioner has not consented to such an arrangement.

[4] See Astrue v. Ratliff, 130 S.Ct. 2521, 2528-29 (2010).